```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                CRIMINAL NO. 23-218 (DSD)
```

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                      **ORDER**

CHARLES EDWARD FIELDS,

          Defendant.

This matter is before the court upon defendant Chales Edward Field's pro se motion for compassionate release under 18 U.S.C. § 3582. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

On September 27, 2023, Fields pleaded guilty to Wire Fraud, in violation of 18 U.S.C. § 1343. On April 16, 2024, the court sentenced him to 54 months' imprisonment. Fields is currently housed at FCI-Leavenworth and is due to be released on October 6, 2026. He now moves for compassionate release based on his post-sentencing rehabilitation and issues relating to his participation in the Residential Drug Treatment Program (RDAP).[1] Fields

---

[1] The court will not consider Fields' claims with respect to RDAP because he is currently participating in that program consistent with his wishes. The fact that it may have taken longer

requested relief from the warden of his facility, which was denied on June 26, 2025.

## DISCUSSION

The First Step Acts allows for a reduction in sentence or compassionate release where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant may seek such relief from a district court, however, he must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [30 days must have elapsed] from the receipt of such a request by the warden of the defendant's facility." Id. § 3582(c)(1)(A). Given the record, the court finds that it may rule on the motion at this time.

The Sentencing Commission has issued policy statements setting forth the circumstances under which relief may be warranted under § 3582. Relevant here, they include the rehabilitation of defendant, in combination with other mitigating circumstances. U.S.S.G. § 1B1.13(d).

Fields argues that his in-prison rehabilitation should constitute extraordinary and compelling reasons warranting his release. But rehabilitation alone does not support release. The

---

than expected to be admitted to the program does not serve as a basis for compassionate release.

court commends Fields for his many accomplishments in prison but is unpersuaded that release is appropriate on this basis without more mitigating circumstances.

The court also finds that § 3553(a) factors weigh against release.  Under the circumstances presented, a reduction in sentence would not reflect the seriousness of the crime, provide just punishment, or take into account Fields' history and characteristics. See 18 U.S.C. § 3553(a)(1), (a)(2)(A).  The court continues to believe that the sentence originally imposed best meets the § 3553(a) factors.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that** the motion under the First Step Act [ECF No. 40] is denied.

Dated:  September 29, 2025

                                               s/David S. Doty
                                               David S. Doty, Judge
                                               United States District Court